UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GEMSTONE FOODS, LLC                                                        PLAINTIFF

V.                                    CIVIL ACTION NO. 3:23-CV-2968-KHJ-MTP

CHAD PITTS                                                        DEFENDANT

ORDER

Before the Court is Plaintiff Gemstone Foods, LLC's ("Gemstone") [19] Motion for Preliminary Injunction. Because Gemstone fails to establish a substantial threat of irreparable harm, the Court denies the motion.

I. Background

This case arises from Defendant Chad Pitts' alleged breach of a covenant not to compete. Plaintiff Gemstone is a poultry producer and supplier that does business in several states. Compl. [1-1] ¶ 3.1. Gemstone hired Pitts in March 2021 as its Vice President and Chief Commercial Officer. *Id.* ¶ 3.2. The parties executed an Employment Agreement (the "Agreement"), which contained these covenants:

> 8.2. Confidentiality. Employee will not, during or after Employee's employment with the Company, directly or indirectly disclose to any third person or entity or use or take any personal advantage of any confidential information or any trade secret of any kind or nature of the Company or its related entities obtained by Employee while employed with the Company.
>
> 8.3. Noncompetition; Nonsolicitation. To the fullest extent permitted by law, Employee will not, during the period commencing upon the date of this Agreement and ending twelve (12) months after the termination of Employee's employment with the Company, directly or indirectly:
>
>> 8.3.1. cause or attempt to cause any person, firm or entity which is or has been a customer of or has had a contractual relationship

> with the Company or its related entities at any time within twenty-four (24) months of the termination of Employee's employment to terminate such relationship with the Company or its related entities . . . .
>
> 8.3.4. within the states of Alabama, Mississippi, Georgia, Texas, Arkansas, Tennessee, Illinois and South Carolina, engage in or assist or become associated with any person or entity . . . that engages in any activity or performs any services competitive with any business conducted by Company . . . including, but not limited to, any activities related to buying, selling, producing and/or processing of poultry or poultry related products.

Employment Agreement [19-1] §§ 8.2–8.3. The covenant not to compete, Section 8.3.4, came with a condition precedent: Gemstone could not enforce it if it terminated Pitts "Without Cause," which means a "termination by [Gemstone] other than for Cause, a Disability or death of [Pitts]." *Id.* §§ 8.3.4, 4.7.

Gemstone terminated Pitts's employment in May 2023. Pitts Decl. [16-1] ¶ 12; Power Aff. [24-1] ¶ 4.[1] Pitts then formed his own company, CM Sales Solutions, LLC, and began "supplying food products to a number of markets." [16-1] ¶ 16; *see also* Mem. in Supp. of Gemstone's Mot. for Prelim. Inj. [20] at 3. One month after terminating him, Gemstone sent Pitts a cease-and-desist letter, demanding he cease any activity in violation of the covenants above. Letter [24-2]. This lawsuit followed.

In August 2023, Gemstone sued Pitts in state court for breach of contract, alleging that Pitts breached the confidentiality, non-solicitation, and non-compete covenants. *See* [1-1] ¶ 4.3. Gemstone applied for a temporary restraining order and preliminary injunction in its state-court complaint. *See id.* ¶¶ 5.1–5.14. Pitts timely

---

[1] The parties dispute whether Gemstone terminated Pitts's employment with or without cause under the Agreement. The Court need not address that issue to resolve this motion.

2

removed the case to federal court, filed an answer, and brought counterclaims for breach of contract, breach of good faith and fair dealing, and tortious interference. *See* [1]; [2]. Two months later, the Magistrate Judge held the Rule 16 Case Management Conference and entered a Case Management Order. *See* Minute Entry Dec. 4, 2023; [9]. The parties had discussions about Gemstone potentially moving for injunctive relief. *See* Pitts' Resp. to Mot. for Prelim. Inj. [23] at 2; Gemstone's Reply [26] at 2. Pitts answered discovery in January 2024 and moved for summary judgment in February. *See* [14]; [15]; [16]. Gemstone moved for preliminary injunction on March 1. [19]. The Court now takes up that motion.

II.   Standard

A party seeking a preliminary injunction must demonstrate "(1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the injury outweighs any harm to the other party, and (4) that granting the injunction will not disserve the public interest." *Brock Servs., L.L.C. v. Rogillio*, 936 F.3d 290, 296 (5th Cir. 2019) (citing *Cardoni v. Prosperity Bank*, 805 F.3d 573, 579 (5th Cir. 2015)). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Bluefield Water Ass'n v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009) (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195–96 (5th Cir. 2003)).

III.    Analysis

Gemstone fails to establish a substantial threat of irreparable harm. The Court thus denies Gemstone's motion without addressing the other factors.[2] *See Pruvit Ventures, Inc. v. Forevergreen Int'l LLC*, No. 4:15-CV-571, 2015 WL 9876952, at *9 (E.D. Tex. Dec. 23, 2015) (quoting *Polymer Techs., Inc., v. Bridwell*, 103 F.3d 970, 973–74 (Fed. Cir. 1996)) ("[A] trial court need not make findings concerning the third and fourth factors if the moving party fails to establish either of the first two factors.").

Indeed, Gemstone's delay in filing this motion cuts against the notion that it will suffer irreparable harm if the Court denies it. *See id.* at *8; *Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1193 (5th Cir. 1975) (affirming the district court's denial of temporary injunctive relief where movant, among other things, delayed three months in making the request). "District courts in th[e Fifth Circuit] have generally declined to grant injunctive relief where a plaintiff, without sufficient explanation, delayed for five months or more in seeking injunctive relief." *Ronaldo Designer Jewelry, Inc. v. Cox*, 1:17-CV-2, 2017 WL 3879095, at *10 (N.D. Miss. Sep. 5, 2017) (collecting cases).

Gemstone moved for a preliminary injunction five months after removal.[3] For several reasons, Gemstone's explanation for this delay is unavailing. Most

---

[2] The Court also finds an evidentiary hearing unnecessary, as the Court relies solely on undisputed facts in denying the motion. *See Parker v. Ryan*, 959 F.2d 579, 584 (5th Cir. 1992).

[3] Pitts removed this case on September 27, 2023. [1]. Gemstone moved for a preliminary injunction on March 1, 2024. [19].

4

importantly, Gemstone's application for injunctive relief in state court does not excuse its delay in federal court. In cases removed from state court, the Local Rules prescribe: "within 14 days after the Case Management Conference, the parties must file as separate docket items any unresolved motions that were filed in state court and that they wish to advance." L.U. Civ. R. 5(b)(1). The parties participated in the Case Management Conference in early December; Gemstone sat on its motion for three more months.

Gemstone tries to justify this delay by explaining that the motion was unnecessary for the first few months of litigation because Pitts promised he was not in breach. *See* [26] at 1–2. But once discovery showed otherwise, Gemstone explains, the motion became necessary. *Id.* [4] This does not explain what otherwise reflects "no apparent urgency" on Gemstone's behalf to protect its rights under the Agreement via injunctive relief. *GoNannies, Inc. v. GoAuPair.Com, Inc.*, 464 F. Supp. 2d 603, 609 (N.D. Tex. 2006) (quotation omitted).

Assuming the non-solicitation and non-compete covenants are enforceable, they expire in less than two months—12 months after Pitts' termination. *See* [19-1] § 8.3; [24-1] ¶ 4. This adds to the inexplicability of Gemstone's delay in asserting its motion and further supports the Court's finding that Gemstone has not carried its burden of showing a substantial threat of irreparable harm.

---

[4] Discovery was produced on January 19, six weeks before Gemstone filed its motion. [14]; [15].

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES Plaintiff Gemstone Foods, LLC's [19] Motion for Preliminary Injunction.

SO ORDERED, this 4th day of April, 2024.

s/ <i>Kristi H. Johnson</i><br>UNITED STATES DISTRICT JUDGE